IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-176-FL

| | |
|---|---|
| CAROLYN SAYLON, Representative of Saleh A. Saylon Estate, ) ) ) Plaintiff, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Defendant.[1] ) | ORDER |

This matter is before the court on defendant's motion to dismiss (DE 21) and plaintiff's motions for clarification and for extension of time (DE 26, 27). The issues raised are ripe for ruling. For the following reasons, defendant's motion to dismiss is denied without prejudice and plaintiff's motions are granted in part to the extent set forth herein.

## STATEMENT OF THE CASE

Plaintiff commenced this action pro se on April 28, 2020, by filing a motion to proceed in forma pauperis, with a proposed complaint, asserting a claim under the Federal Tort Claims Act ("FTCA") for medical negligence in the care of her husband, now deceased, at a veterans hospital. Plaintiff identified former-defendants, government employees Carla E. Sturdivant ("Sturdivant") and Chastina Brown ("Brown"), as two nurses involved in care of plaintiff's husband. Plaintiff seeks damages, interest, fees, and costs.

---

[1] The court constructively amends the caption of this order to reflect automatic substitution of defendant United States of America of formerly named defendants Carla Sturdivant, Employee at the Veteran Hospital, in her individual capacity; and Chastina Brown, Employee at the Veteran Hospital in her individual capacity.

Memorandum and Recommendation ("M&R") entered May 5, 2020, recommended denial of the motion to proceed in forma pauperis on the basis that a decedent's estate is not a natural person that may qualify for in forma pauperis status. The M&R also noted that plaintiff as a pro se party may not represent the interests of others, including her deceased husband's estate.

Prior to this court's review of the M&R, plaintiff paid the filing fee. Accordingly, on May 26, 2020, the court vacated the M&R and directed the clerk to file the complaint and issue the summons. The court also stayed the matter for 30 days to allow plaintiff to secure counsel, directing plaintiff to file a notice within that time specifying whether she wishes to attempt to proceed pro se or to extend the stay.[2] Upon plaintiff's failure to timely file notice, the court directed plaintiff to show cause why the matter should not be dismissed without prejudice for failure to prosecute. Upon plaintiff's response thereto asserting plaintiff's desire to proceed, the court lifted the stay on July 22, 2020, and extended the deadline for service 90 days.

On August 17, 2020, defendant filed a certification of scope of employment and substitution, as well as the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) on the basis that plaintiff failed to serve properly the United States, and reserving the right to move to dismiss at a later date for failure to state a claim.

Plaintiff responded to the government's motion to dismiss on September 1, 2020, through the instant motion for clarification, asserting that she completed service on former defendants Sturdivant and Brown, and seeking clarification that she was allowed a 90 day extension in order to secure representation of an attorney. Plaintiff also inquires whether, if she cannot obtain an attorney within this time frame, she can bring her case back into federal court at a later date.

---

[2]  The court also directed the clerk to send plaintiff a pro bono letter, and the case subsequently was submitted to the pro bono panel, however no pro bono counsel or other counsel has entered an appearance.

Plaintiff filed the instant motion for extension of time on September 17, 2020, seeking an additional 90 day extension to cure service deficiencies, and to secure representation by counsel for her deceased husband's estate.

**COURT'S DISCUSSION**

A.    Insufficient Service

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

Service on the United States, and its agencies or employees, is governed by Rule 4(i). Under that rule, to serve the United States, a party must: 1) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney," and 2) "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1). To serve an officer or employee sued individually, a party must serve the United States, in addition to serving the officer or employee individually. Fed. R. Civ. P. 4(i)(3).

Here, plaintiff served neither the former individual defendants, nor the United States, in accordance with Rule 4(i). While returns of service were filed as to Sturdivant and Brown individually (DE 13, 19), and plaintiff filed proof of service on the United States Attorney on October 5, 2020, (DE 28), plaintiff has not filed proof of service upon the Attorney General of the United States, in accordance with Rule 4(i)(1)(B).

Nevertheless, Rule 4 states that "[t]he court must allow a party a reasonable time to cure its failure to . . . serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee." Fed. R. Civ. P. 4(i)(4). Where plaintiff did in fact serve the individual employees, former defendants, prior to certification of substitution, Rule 4(i)(4) directs the court to allow plaintiff a "reasonable time to cure" the failure to serve the United States. Id.

The issue remains, however, how much time is reasonable under the circumstances of this case to cure the failure to serve the United States. On the one hand, plaintiff already has been granted once a 90 day period to effectuate service. On the other hand, plaintiff has consistently reiterated her desire to secure counsel and proceed through counsel. Moreover, plaintiff has demonstrated continued efforts to serve properly defendant, as evidenced through proof of service filed October 5, 2020. That proof of service is one step short of effectuating proper service on the sole defendant now in this case, the United States, with the final step remaining being to send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. See Fed. R. Civ. P. 4(i)(1)(B).

Therefore, an additional extension of time is warranted to allow plaintiff to effectuate service on the United States. Where this service is partially complete, and the remaining step is not onerous, the court allows plaintiff a period of 30 days from the date of this order to file proof of service. The court warns plaintiff that no further extensions for service will be allowed, absent compelling circumstances, and failure to serve defendant within this time may result in dismissal of the action without prejudice. In sum, defendant's motion to dismiss for insufficient service is denied without prejudice, and plaintiff is allowed an extension of 30 days to file proof of service, in accordance with the foregoing.

B.  Motion for Clarification and Extension

In her motion for clarification and extension, plaintiff suggests that she seeks an additional period of time of 90 days for a stay of case activities to allow her to secure counsel.  Plaintiff already has had over 150 days, since May 26, 2020, through several previous stays and extensions, in which to secure counsel.  In her latest motion, filed September 17, 2020, plaintiff states that she has "several attorney[s] that are contemplating on taking the case."  (DE 27 at 1).  However, no attorneys have entered an appearance.

In the interest of the "just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1, the court does not find good cause to stay case activities for the 90 days requested. Rather, plaintiff is allowed a stay of case activities for an additional 30 days to secure counsel, commensurate with the 30 day extension for service. In this respect, plaintiff's motions for clarification and extension are granted in part and denied in part.[3]

Finally, the court addresses the suggestion in defendant's motion that plaintiff's continuation of the action pro se is futile, and the court may sua sponte dismiss the action for lack of representation by counsel.  While it is the general rule that federal courts may not permit "corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney," Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993), and some circuits have extended this principle to the rule that a pro se litigant may not represent an estate, see, e.g., Pridgen v. Andresen, 113 F.3d 391, 392–93 (2nd Cir.1997), defendant does not cite, and the court has not identified, a binding opinion by the United States Court of Appeals for the Fourth Circuit addressing this issue.  Indeed, in an unpublished decision,

---

[3]  A dismissal of the instant action without prejudice does not preclude plaintiff from refiling at a later date. However, the court lacks jurisdiction to provide plaintiff with an advisory opinion on the potential legal consequences of returning to federal court at a later date, including the effect, if any, of such a refiling upon issues such as statute of limitations or exhaustion of administrative remedies.

5

the Fourth Circuit recognized the lack of binding precedent on point, and suggested this rule may be subject to exceptions. See Witherspoon v. Jeffords Agency, Inc., 88 F. App'x 659, 659 (4th Cir. 2004) (remanding for further proceedings considering whether pro se litigant "is a beneficiary of the Estate, whether there are other beneficiaries, and whether there are any creditors involved" in order to determine whether the pro se litigant "must obtain counsel to litigate on behalf of the Estate").

Accordingly, the court leaves for another day, if necessary, determination of defendant's suggestion that dismissal may be warranted based upon plaintiff's pro se status.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 21) is DENIED WITHOUT PREJUDICE, and plaintiff's motions for clarification and for extension of time (DE 26, 27) are GRANTED IN PART and DENIED IN PART as set forth herein. In particular, plaintiff is allowed an extension of time of 30 days in which to file proof of completed service on defendant and to secure counsel. The court warns plaintiff that no further extensions for service will be allowed, absent compelling circumstances, and failure to serve defendant within this time may result in dismissal of the action without prejudice.

SO ORDERED, this the 9th day of November, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

6

Case 5:20-cv-00176-FL   Document 29   Filed 11/09/20   Page 6 of 6