IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-176-FL

| | |
|---|---|
| CAROLYN SAYLON, Representative of Saleh A. Saylon Estate, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )     ORDER<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Defendant. | ) |

This matter is before the court on defendant's motion for summary judgment (DE 61). The motion has been briefed fully, and the issues raised are ripe for ruling. For the following reasons, the motion is granted.

**STATEMENT OF THE CASE**

Plaintiff commenced this action pro se on April 28, 2020, by filing a motion to proceed in forma pauperis, with a proposed complaint, asserting claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2680, for medical negligence and intentional torts in the care of her husband, decedent Saleh A. Saylon ("decedent"), at a veterans hospital. Upon motion to dismiss by defendant, the court allowed plaintiff's claim based on medical negligence to proceed and dismissed plaintiff's claims based on intentional torts. (See July 26, 2021, Order (DE 48)).

Following an initial phase of bifurcated discovery, defendant filed the instant motion, arguing plaintiff lacks authority to represent the estate of decedent. Defendant relies upon a statement of material facts and exhibits comprising: 1) plaintiff's administrative claim, 2) an

obituary for decedent, 3) plaintiff's responses to discovery and defendant's objections to the same, and 4) North Carolina State Bar attorney search results.

In response, plaintiff relies upon an embedded opposing statement of material facts, along with exhibits comprising: 1) application for allowance filed by plaintiff in the matter of the estate of decedent, in Cumberland County Superior Court, File No. 18-E-1477; 2) deficiency judgments filed in that case; 3) correspondence from the Department of Veterans Affairs transmitting medical records to plaintiff; 4) medical records of plaintiff's husband; 5) affidavits of plaintiff's daughters Sahara Sharrock and Stacey Saylon; and 6) a publication regarding Agent Orange.

## STATEMENT OF UNDISPUTED FACTS

Decedent "was in respite care from October 30, 2016, to October 31, 2016," in a Department of Veterans Affairs ("VA") community living center.[1] (Pl's Opp. (DE 66) ¶ 1).[2] "On April 21, 2017, he presented an FTCA administrative claim to the VA, alleging "medical negligence resulting in personal injury during [that] 2016 stay," in the form of "scratches on his hands, forearms, and back and a sprained right thumb." (Def's Stmt. (DE 63) ¶1).

On August 14, 2018, decedent died. "The North Carolina-issued Death Certificate listed the primary causes of death as Parkinson's Disease, Diabetes, and Failure to Thrive," and "'Other significant conditions contributing to death' were Decubitus Ulcer, Malnutrition, and Hypertension." (Id. ¶ 2). At the time of his death, decedent was married to plaintiff and was a

---

[1] A community living center is "a VA Nursing Home," and "VA medical centers can give the Veteran's caregiver (family member or friend) a 'break' by taking over the Veteran's care for a limited time, . . . up to 30 days in a calendar year." (Def's Stmt. (DE 63) nn. 1 & 2 (quotations omitted)).

[2] Pursuant to Local Rule 56.1(a)(2), the court cites to paragraphs in the parties' statement of facts where not "specifically controverted by a correspondingly numbered paragraph in [an] opposing statement."

resident of Fayetteville, North Carolina. In an undated letter, postmarked January 28, 2020, the VA "denied [d]ecedent's FTCA claim." (Id. ¶ 4; see DE 1-2).

"On August 16, 2018, an obituary . . . recited that [d]ecedent was survived by six daughters and fourteen grandchildren." (Def's Stmt. (DE 66) ¶ 7). "Decedent died without a will," "[n]o estate was opened for [d]ecedent," and "[n]o estate representative was appointed for an estate for [d]ecedent." (Id. ¶¶ 8-10). "Plaintiff does not know if [d]ecedent owed any creditors at the time of his death." (Id. ¶ 12). "Plaintiff is not an attorney." (Id. ¶ 13).

## COURT'S DISCUSSION

A. Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).[3]

Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party).

---

[3] In all case citations in this order, internal quotation marks and citations are omitted unless otherwise specified.

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

B.   Analysis

In moving for summary judgment, defendant contends that plaintiff lacks authority to bring this action as a representative of decedent's estate. The court agrees.

The FTCA provides this court with jurisdiction over civil actions "on claims against the United States, for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under

4

circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Accordingly, "[a] plaintiff has an FTCA cause of action against the government only if she would also have a cause of action under state law against a private person in like circumstances." Miller v. United States, 932 F.2d 301, 303 (4th Cir. 1991). "State law determines whether there is an underlying cause of action." Id.

Under North Carolina law, "[u]pon the death of any person, all demands whatsoever, and rights to prosecute . . . any action or special proceeding, existing in favor of . . . such person, . . . shall survive to . . . the personal representative or collector of the person's estate." N.C. Gen. Stat. § 28A-18-1(a) (emphasis added). "This statute clearly manifests this two-fold legislative purpose: (1) To declare what causes of action survive the death of the person in whose favor . . . they have accrued; and (2) to designate the persons who may sue . . . upon such surviving causes of action." McIntyre v. Josey, 239 N.C. 109, 110 (1953).

"[T]he administrator, and not creditors or next of kin, is the proper party to bring an action" under this statute. Spivey v. Godfrey, 258 N.C. 676, 677 (1963). "A widow, as such, has no right of action for the [injury to] her husband." Graves v. Welborn, 260 N.C. 688, 690 (1963). If an action [of this kind] is instituted by one other than the personal representative of a decedent, duly appointed in this State, it should be dismissed." Id.; see, e.g., Schronce v. Coniglio, 124 N.C. App. 216, 218 (1996) (holding that the right to bring an action seeking damages for personal injuries suffered by a decedent "passes to his administratrix"); Carnahan v. Reed, 53 N.C. App. 589, 591 (1981) (affirming dismissal of action brought by widow of deceased, noting "[t]here is nothing in the record to indicate that plaintiff ever qualified as the personal representative of the deceased's estate"); Alston's Est. v. Clark, 10 N.C. App. 46, 50 (1970) (noting that "[u]ntil a personal

5

representative was appointed for the estate, no one had the right to retain an attorney to represent the estate").

"The interest of the next of kin in an estate is ordinarily only in distribution." Spivey, 258 N.C. at 677. "[An] administrator owes a duty not only to the next of kin but to the creditors, the probate court, and to the government." Id. at 680. To become an administrator, a person must apply for appointment, the clerk of superior court must enter an "order adjudging that she [is] entitled to letters of administration upon taking the oath and giving the bond," and the court must undertake "the issuance of letters" of administration. Graves, 260 N.C. at 696; see N.C. Gen. Stat. §§ 28A-6-1 & 28A-7-1. Accordingly, "one who has never applied for letters or who, having applied, had no reasonable grounds for believing that [s]he had been duly appointed, [cannot] institute an action for wrongful death, or any other cause, upon a false allegation of appointment [or] thereafter validate that allegation by a subsequent appointment." Graves, 260 N.C. at 696-697 (emphasis added).

Here, plaintiff lacks authority to bring this action. It is undisputed "[n]o estate was opened for [d]ecedent," and "[n]o estate representative was appointed for an estate for [d]ecedent." (Id. ¶¶ 9-10). Because this action was "instituted by one other than the personal representative of [the] decedent, duly appointed in this State," it must be dismissed as a matter of law. Graves, 260 N.C. at 690; Carnahan, 53 N.C. App. at 591.

Plaintiff's arguments to the contrary are unavailing. For example, plaintiff asserts that she is the "surviving spouse with right of survivorship," and that she "spoke with Cumberland County Clerk [who] advised that there was no need to open an estate account." (Pl's Opp. (DE 66) at 7). Plaintiff contends that "[w]hen jointly owned property includes a right of survivorship, the surviving owner automatically absorbs a dying owners share of the property." (Id.). This

6

argument, however, conflates survivorship rights and property rights with the right to assert a claim as a personal representative of an estate. While the "next of kin" such as a widow, may have a right to distribution of estate property, this interest in distribution is separate from a right to bring a claim to recover additional property on behalf of the estate. See Spivey, 258 N.C. at 677. With respect to the right to bring a claim, this court is bound by the plain language of the statute that requires "the personal representative or collector of the person's estate" to bring an action on its behalf. N.C. Gen. Stat. § 28A-18-1(a). "A widow, as such, has no right of action" for the injury to her husband. Graves, 260 N.C. at 690. These principles foreclose plaintiff's argument as a matter of law.

Plaintiff also suggests that the issuance of "deficiency judgments" in her favor against the estate, for which no probate accounts were opened, provides her with authority to bring suit as representative of the estate. (Pl's Opp. at 9). The referenced deficiency judgments, however, pertain to plaintiff's right to an allowance, as surviving spouse, from estate funds. On their face, they do not purport to confer upon plaintiff any status as an administrator, and, in fact, they distinguish her from "the personal representative" and "the estate" as follows:

> The undersigned Clerk of Superior Court finds that a year's allowance has been made for the benefit of the spouse or child(ren) of the deceased as provided by law; that the assignment and allotment of specific personal property is insufficient to satisfy the total allowance, and there is a deficiency,
> It is ORDERED and ADJUDGED that the applicant named below have and recover of the personal representative, if applicable, or the estate, the amount of the deficiency indicated below to be paid when a sufficiency of personal property shall come into the hands of the personal representative or the estate.

(DE 50-1 at 1). The deficiency judgments are limited in effect to the provision of a "year's allowance" to the surviving spouse under North Carolina law. See, e.g. N.C. Gen. Stat. §§ 30-16, 30-18, and 30-20. As such, plaintiff's argument is without merit.

Plaintiff suggests that she is qualified to bring this action because the VA "completed a legal representative form to receive a copy of [decedent's] medical records," relying upon

correspondence from the VA dated January 4, 2022. (Pl's Opp. at 9; see DE 67-2). The referenced correspondence, however, does not confer upon plaintiff the status of an administrator of decedent's estate under North Carolina law. The key requirement for purposes of the instant analysis is whether plaintiff is "the personal representative of a decedent, duly appointed in this State." Graves, 260 N.C. at 690 (emphasis added). The VA correspondence does not meet this requirement. See id. at 696-697; see, e.g., Carnahan, 53 N.C. App. at 592 (rejecting argument that plaintiff widow has standing "as next of kin of her deceased husband," by virtue of "property rights in his psychological and psychiatric records").

Plaintiff also argues she is qualified to represent decedent's estate in this action because the court previously ordered that plaintiff's claim for medical negligence is "allowed to proceed." (Pl's Opp. at 12 (quoting July 26, 2021, Order (DE 48) at 12)). The court's order, however, is not a determination regarding plaintiff's qualification to represent decedent's estate in this action. Indeed, in the same order, the court expressly reserved for later adjudication the "issue regarding plaintiff's ability to proceed pro se with this action." (July 26, 2021, Order (DE 48) at 12). Further, the court could not address at the pleading stage of this case defendant's asserted defense that plaintiff was not qualified "to represent the estate as the legally appointed administratrix." (Id.; see Answer (DE 49) at 2); see Graves, 260 N.C. at 691 (noting that court must accept as true at pleading stage plaintiff's allegation that she was acting as personal representative, which then may be denied in answer by defendant). That issue properly now has been addressed upon summary judgment.

In sum, plaintiff lacks authority under North Carolina law to bring this action on behalf of the estate of decedent. Therefore, this action must be dismissed as a matter of law. Having so

8

determined, the court does not reach defendant's additional alternative argument that plaintiff cannot maintain the suit because she is not an attorney.

## CONCLUSION

Based on the foregoing, defendant's motion for summary judgment (DE 61) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 7th day of July, 2022.

                                                  LOUISE W. FLANAGAN
                                                  United States District Judge